IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MICHAEL A. CAUSBY, IND. and LYNN SANDAL CAUSBY, IND. and A/N/F of JMC, A MINOR, § § § § § § § § § § § § § | |
| *Plaintiffs*, | Civil Action No. 9:05-CV-172 |
| v. | JUDGE RON CLARK |
| GROVETON INDEPENDENT SCHOOL DISTRICT, JOSEPH DALE "JOSH" FINNEY, and JEREMY MCKISSICK, | |
| *Defendants*. | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' Motion to Dismiss [Doc. #3]. Plaintiffs have responded to the motion. The case centers around the in school discipline of JMC,[1] a minor. Plaintiffs have asserted various federal and state causes of action against the school district and individual Defendants. However, Plaintiffs are unable to sidestep Supreme Court, Fifth Circuit, and Texas substantive law directly on point. Accordingly, Defendants' Motion to Dismiss is GRANTED.

### I. Background

Plaintiffs Michael and Lynn Causby (collectively "Causby"), individually and as parents of JMC filed a petition alleging Groveton Independent School District ("GISD"), Joseph Dale "Josh" Finney ("Finney") and Jeremy McKissick ("McKissick") are liable for the corporal punishment of JMC. Plaintiffs have alleged violations under the Fourteenth Amendment, 42 U.S.C. § 1983, negligence, negligence *per se*, *res ipsa loquitur*, negligent hiring and entrustment, and child abuse.

---

[1] In accordance with Local Rule CV-10(e)(2), the name of the minor child should not be used.

The facts, taken directly from Plaintiffs' petition, state that JMC was struck at least three times by Finney, with a wooden board, allegedly causing "large, ugly swollen bruises on his buttocks." Pl. Complaint, p. 4. Plaintiffs allege that JMC saw a doctor the following day. Plaintiffs also allege a few days after Finney struck JMC, McKissick administered corporal punishment to JMC. However, Plaintiffs do not state the number of times McKissick struck JMC, or what JMC was struck with. Plaintiffs do allege that McKissick was aware of the prior corporal punishment.

## II.  Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Fed. R. Civ. P. 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Unless a Fed. R. Civ. P. 12(b)(6) motion is converted to a summary judgment motion, the court cannot consider material outside the complaint. *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir. 1981).

The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott*

*v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). A pleading, however, "need not specify in exact detail every possible theory of recovery--it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir. 1995) (quoting *Conley,* 355 U.S. at 47).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S. Ct. 99; *Kaiser Aluminum,* 677 F.2d at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1357 (1969)).

### III. Issue Presented

Have Plaintiffs stated a claim under federal or state law for school sponsored corporal punishment, upon which relief may be granted?

### IV. Analysis

**A. Federal Law**

In *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401 (1977) ("*Ingraham II*"), the Court held that the Eighth Amendment of the United States Constitution did not apply to disciplinary corporal punishment in public schools. *Id.* at 664. The Plaintiffs in *Ingraham* also made the argument that they were denied procedural due process by not being provided notice and a hearing before the discipline. *Id.* at 672. The Court held that the procedural safeguards of the

Fourteenth Amendment are sufficiently satisfied because traditional common law remedies are available to students who receive corporal punishment. *Id.* at 682-83.

The Supreme Court, in *Ingraham II*, did not analyze the substantive due process argument. However, the Fifth Circuit did address the issue in the same case, *en banc*, preceding the grant of *certiorari*. The Court held that "[p]addling of recalcitrant children has long been an accepted method of promoting good behavior and instilling notions of responsibility and decorum into the mischievous heads of school children." *Ingraham v. Wright*, 525 F.2d 909, 917 (5th Cir. 1976) (*en banc*) ("*Ingraham I*"). The Court found that the state law authorizing corporal punishment not "arbitrary, capricious, or wholly unrelated to the legitimate state purpose of determining its educational policy." *Id.* at 916. Further, the court held that "it [would be] a misuse of judicial power to determine, for example, whether a teacher has acted arbitrarily in paddling a particular child for certain behavior or whether in a particular instance of misconduct five licks would have been a more appropriate punishment than ten licks." *Id.* at 917.

The Fifth Circuit has continued to adhere to this precedent. The Court has stated "Texas has authorized educators to impose a *reasonable* measure of corporal punishment upon students when necessary to maintain school discipline." *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990) (emphasis in original). The Court, in *Fee*, again stated that Texas affords students adequate post-punishment criminal or civil remedies, if teachers do not adhere to their obligation. *Id.* The Court went on to state that "the Constitution is not a criminal or civil code to be invoked invariably for the crimes or torts of state educators who act in contravention of the very laws designed to thwart abusive disciplinarians." *Id.*

The state law authorizing corporal punishment in the public school is Tex. Educ. Code 22.0512.[2] This state law, while modified in 2003, was essentially the same law in effect in *Fee*. The student in *Fee* was a sixth grade special education student, who became disruptive in class and received corporal punishment from the school's principal. *Id.* at 806. As the Court in *Fee* pointed out, civil and criminal remedies are available for excessive corporal punishment. *Fee*, 900 F.2d at 808 n.4. Prior to *Fee*, the Fifth Circuit held a six year old student who received five paddle swats was not deprived of her substantive due process because of the adequate common law state criminal and tort remedies for excessive punishment. *Cunningham v. Beavers*, 858 F.2d 269, 272 (5th Cir. 1988), *cert denied*, 489 U.S. 1067. Similarly, in *Woodward v. Los Fresnos Ind. Sch. Dist.*, 732 F.2d 1243, 1246 (5th Cir. 1984), the Court held that a high school student who received three swats for abusive language was not afforded a remedy under federal law, where adequate state law remedies were available.

### 1. As applied to Plaintiffs' federal causes of actions

Granting a motion to dismiss under Rule 12(b)(6) is proper when a party has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, a court should dismiss a claim under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can

---

[2] (a) A professional employee of a school district may not be subject to disciplinary proceedings for the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code.
  (b) In this section, "disciplinary proceeding" means:
    (1) an action brought by the school district employing a professional employee of a school district to discharge or suspend the employee or terminate or not renew the employee's term contract; or
    (2) an action brought by the State Board of Educator Certification to enforce the educator's code of ethics adopted under Section 21.041(b)(8).
  (c) This section does not prohibit a school district from:
    (1) enforcing a policy relating to corporal punishment; or
    (2) notwithstanding Subsection (a), bringing a disciplinary proceeding against a professional employee of the district who violates the district policy relating to corporal punishment.

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Plaintiff can prove no set of facts which would entitle them to relief under federal law, particularly under 42. U.S.C. § 1983. Neither the Eighth Amendment, nor Fourteenth Amendment, afford a student disciplined with corporal punishment, a federal cause of action, when adequate state civil and criminal remedies are available for excessive punishment. *Fee*, 900 F.2d at 808 n.4.[3] Accordingly, all causes of action based in federal law, and asserted through 42 U.S.C. § 1983, the Eighth Amendment, or the Fourteenth Amendment, including procedural or substantive due process causes of actions, are dismissed.

### B. State Law

Plaintiffs' claims against GISD under the state law of negligence, negligence *per se*, *res ipsa loquitur*, and negligent hiring and entrustment, fail to state a claim upon which relief may be granted.[4] Texas school districts, as municipal entities, enjoy sovereign immunity from suit. While the Texas Tort Claims Act provides a limited waiver of sovereign immunity in some cases, the Act provides that it does not apply to school districts, unless the tort involves a motor vehicle: "[e]xcept as to motor vehicles, this chapter does not apply to a school district or to a junior college district." Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (Vernon 1997 & Supp. 2004); *see Jones v. Houston Ind. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). Because Plaintiffs do not allege a tort involving motor vehicles, Plaintiffs have no claim against the GISD, for which immunity is waived by the Tort Claims Act, under the Act.

---

[3] Plaintiffs implicitly consent to the cited precedent in their Response. Their argument that the law is now wrong or should be reevaluated is an argument which must be made to a higher court.

[4] Plaintiffs also bring a cause of action labeled "child abuse." There is no civil cause of action for damages under the rubric of "child abuse."

Plaintiffs have also failed to state a claim against the GISD for punitive damages because the GISD, as a municipal entity, enjoys sovereign immunity from punitive damages, unless expressly authorized by statute. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259–60 (1981). Neither section 1983, 1988, nor the Texas Tort Claims Act authorizes punitive damages against a municipal entity. In fact, the Texas Tort Claims Act specifically bars recovery of punitive damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.024. Consequently, Plaintiffs have no claim against GISD for punitive damages.

Under state law Defendants Finney and McKissick cannot be individually sued for their discretionary actions, absent "excessive force in the discipline of students or negligence resulting in bodily injury to students." Tex. Educ. Code § 22.0511(a). Liberally construed, the petition may assert such a claim under state law. However, this claim may now be barred by Tex. Civ. Prac. and Rem. Code § 101.106(a) or the Texas Education Code. The court declines to exercise its supplemental jurisdiction over any remaining and speculative state law claim.

The immunity afforded governmental units and teachers in the state of Texas is no doubt great. However, a plaintiff is still entitled to pursue claims against teachers where actions are not consistent with Tex. Educ. Code § § 22.0511-12. In other words, civil and criminal remedies under state law are, and always have been, available to Plaintiffs. *See Fee*, 900 F.2d at 808 n.4. Such claims are best left to state courts.

**C. Attorney's fees**

Defendants assert this suit was vexatious, frivolous, unreasonable, and without foundation. Plaintiffs, in their response, do not dispute that the law on corporal punishment is

what it is. What Plaintiffs ask the court to do is revisit the law, hoping that the court will find that the law is now ripe for review. Although Plaintiffs do not cite to one federal case holding corporal punishment unconstitutional, they do claim that since *Ingraham*, the number of states outlawing corporal punishment in schools has grown from two to twenty-eight. The court finds that Plaintiffs have articulated a nonfrivolous argument for reversal of existing law and thus shall not be taxed fees. *See* Fed. R. Civ. P. 11(b)(2).

## V. Conclusion

As to Plaintiffs' federal causes of action arising under the United States Constitution, or 42 U.S.C. § 1983, the law has been well settled by the Supreme Court and the Fifth Circuit for quite some time. Plaintiffs have not articulated any basis for relief, other than their assertion that it is now time to revisit the law on corporal punishment in the classroom. As to Plaintiffs' state law causes of action, the State of Texas has decided, through its legislators, to afford educators and governmental units, a great deal of immunity from litigation. Any argument that the immunity provided is too great should be made to the legislature.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss **[Doc. #4]** is **GRANTED**.

IT IS FURTHER ORDERED that all causes of actions arising under federal or state law against Groveton Independent School District are **DISMISSED**, with prejudice.

IT IS FURTHER ORDERED that all causes of action arising under federal law against Joseph "Josh" Finney and Jeremy McKissick are **DISMISSED**, with prejudice.  To the extent any cause of action arising under state law remains against the individual Defendants, the court declines to exercise supplemental jurisdiction, and such claims are dismissied without prejudice.

So **ORDERED** and **SIGNED** this **8**   day of **December, 2005.**

_____
Ron Clark, United States District Judge